UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID J. MARINA,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD D. JONES & CO.,<br><br>    Defendant. | Case No. 2:11-CV-02087-KJD-PAL<br><br>**ORDER** |

Before the Court is the Defendant Edward D. Jones & Co.'s Motion to Compel Arbitration (#9). Plaintiff David J. Marina has filed an opposition (#13) and Defendant has filed a reply (#14).

<u>I. Background</u>

Plaintiff was employed by Defendant from approximately May, 2010 to August 24, 2010. Upon commencement of his employment, Plaintiff signed a Financial Advisor Employment Agreement which states:

> You agree that any dispute, claim, or controversy arising under this Agreement or as a result of your employment with Edward Jones or any present or former employee, agent, officer, director, affiliate or partner or Edward Jones shall be resolved by arbitration and without resort to litigation in court.

1     Plaintiff and Defendants are members of the Financial Industry Regulatory Authority ("FINRA").  Plaintiff's FINRA application also contained an agreement to arbitrate claims between him and his firm.

    Plaintiff brought this action in federal court against Defendant under the Americans with Disabilities Act.  Defendant is seeking to compel arbitration.

II.  Discussion

    The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") determines the arbitrability of disputes between parties to an agreement. Agreements to arbitrate "in any maritime transaction or a contract evidencing a transaction involving commerce … shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. In order for a dispute to be arbitrable under the FAA (1) there must exist a valid agreement to arbitrate between the parties; and (2) the dispute in question must fall within the scope of that arbitration agreement. <u>Chiron Corp. v. Ortho Diagnostic Sys.</u>, 207 F. 3d 1126, 1130 (9th Cir. 2000). When deciding whether parties agreed to arbitrate, courts should apply ordinary state-law principles that govern the formation of contracts. <u>First Option of Chicago Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995). Arbitration agreements must be enforced according to their terms. <u>Volt Information Sciences, Inc. v. Board of Trustees of Leland Sanford Jr., Univ.</u>, 489 U.S. 468, 478, (1989).

    Plaintiff's only argument is that FINRA Rule 13802 states that arbitration provision only applies to discrimination claims where "the parties have agreed to arbitrate it, either before or after the dispute arose." The parties entered into just such an agreement.  The Financial Advisor Employment Agreement unambiguously states that "any dispute, claim, or controversy arising ... as a result of your employment with Edward Jones ... shall be resolved by arbitration and without resort to litigation in court."  The Financial Advisor Employment Agreement also warns in bold letters **"THIS CONTRACT CONTAINS A BINDING ARBITRATION AGREEMENT WHICH MAY BE ENFORCED BY THE PARTIES."**  Since the agreement is unqestionably valid and

since it covers "any dispute" the requirements of the FAA are met. Accordingly, a valid, binding, arbitration agreement exists between the parties.

III. Conclusion

**IT IS HEREBY ORDERED THAT** Defendant Edward D. Jones & Co.'s Motion to Compel Arbitration (#9) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** this action is **STAYED** pending the resolution of arbitration.

DATED this 5th day of September 2012.

_____
Kent J. Dawson
United States District Judge